**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARK BELUCH,**<br><br>    Plaintiff,<br><br>    v.<br><br>**KILOLO KIJAKAZI, Acting Commissioner of Social Security,**<br><br>    Defendant. | Civ. No. 22-07341 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Mark Beluch brings this action to review a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Title II Disability Insurance Benefits ("DIB"). He argues that the ALJ's decision failed to comply with a prior remand order from this court, and that the determination that he is not disabled as defined by Title II of the Social Security Act was not supported by substantial evidence. For the reasons stated below, the Commissioner's decision is **REVERSED** and the matter is again **REMANDED**.

## I.   BACKGROUND[1]

Beluch applied for DIB on July 24, 2014, alleging that he became disabled on May 6, 2013. (R. 202.) ALJ Scott Tirrell held a hearing and issued a decision, dated June 23, 2017, finding that Plaintiff was not disabled within the meaning of the Social Security Act from May 6, 2013 through the date of the decision. (R. 18–34.) That decision became the final decision of the

---

[1]   Citations to the record are abbreviated as follows:

  "DE" = docket entry
  "R. _" = Administrative Record (DE 3)
  "Pl. Br." = Beluch's moving brief (DE 7)
  "Def. Br." = Commissioner's opposition brief (DE 10)

Commissioner when the Appeals Council declined review on December 6, 2017. (R. 6, 1022.) Plaintiff appealed to this Court pursuant to 42 U.S.C. § 405(g), and Magistrate Judge Norah McCann King presided with consent of the parties. (*Id.*) Judge King's decision (R. 1021–34) reversed the Commissioner's decision and remanded the case for further proceedings. (R. 1034.) Specifically, that decision directed ALJ Tirrell to "consider at step three whether Plaintiff's obesity alone or in combination with his other impairments meets or medically equals a listed impairment." (R. 1032.) The decision further instructed the SSA that "[d]epending on the outcome of that [step three] determination, the ALJ should reconsider his analysis at steps four and five." (R. 1033.)

On remand, the case returned to ALJ Tirrell, who held a telephone hearing on June 1, 2022. (R. 991, 1111.) Beluch agreed to appear by telephone, and was represented by counsel at the hearing. (R. 1113–14.) ALJ Tirrell issued a decision on remand on August 29, 2022 (the "August 29 Decision"), again finding that Beluch was not disabled. (R. 991–1012.) The August 29 Decision became the final decision of the Commissioner on October 29, 2022.

While the initial decision was on appeal, Plaintiff filed a separate claim for DIB alleging an onset of disability on June 21, 2017. (R. 1140.) The ALJ in that matter found that Beluch "was not disabled prior to September 23, 2018, but became disabled on that date and has continued to be disabled through the date of this decision." (R. 1140, 1154.) That decision had become final before ALJ Tirrell rendered his decision on remand. Accordingly, ALJ Tirrell limited his analysis in the August 29 Decision to the period of May 6, 2013 through June 20, 2017, since the other, parallel case had already adjudicated the period of June 21, 2017 through the date of decision.[2] (R. 991.)

---

[2] Plaintiff argues that the ALJ misunderstood the period at issue. (Pl. Br. at 30–34.) I disagree. Plaintiff's alleged disability onset date is May 6, 2013, and ALJ Tirrell considered Plaintiff's claims from that date through June 20, 2017. (R. 991.) Plaintiff's separate claim for DIB alleged an onset of disability on June 21, 2017. (R. 1140.) The ALJ in that matter found that Beluch "was not disabled prior to September 23, 2018,

On December 16, 2022, Plaintiff appealed the August 29 Decision to this Court pursuant to 42 U.S.C. 405(g). (DE 1.)

## II. DECISION FOR REVIEW

### A. The Five-Step Process and this Court's Standard of Review

To qualify for Title II DIB benefits, a claimant must meet the insured status requirements of 42 U.S.C. § 423. To qualify, a claimant must show that she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted (or can be expected to last) for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(c), 1382(a).

Under the authority of the Social Security Act, the Social Security Administration (the "Administration") has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. This Court's review necessarily incorporates a determination of whether the ALJ properly followed the five-step process, which is prescribed by regulation. The steps may be briefly summarized as follows:

> **Step 1:** Determine whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. 20 CFR §§ 404.1520(b), 416.920(b). If not, move to step two.
>
> **Step 2:** Determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, move to step three.
>
> **Step 3:** Determine whether the severe impairment meets or equals the criteria of any impairment found in the Listing of Impairments.

---

but became disabled on that date and has continued to be disabled through the date of this decision." (R. 1140, 1154.) Thus, the ALJ in that matter adjudicated the period of June 21, 2017 through September 23, 2018, explicitly finding that Plaintiff was not disabled for that period. Plaintiff presents no authority that the period can or should be reconsidered, and thus does not get a second bite at the apple.

3

20 CFR Pt. 404, Subpt. P, App. 1, Pt. A. If so, the claimant is automatically eligible to receive disability benefits (and the analysis ends); if not, move to step four. *Id.* §§ 404.1520(d), 416.920(d).

**RFC and Step 4:** Determine the claimant's "residual functional capacity" ("RFC"), meaning "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *Caraballo v. Comm'r of Soc. Sec.*, No. 13-07187, 2015 WL 457301, at *1 (D.N.J. Feb. 3, 2015). Decide whether, based on his RFC, the claimant can return to his prior occupation. 20 C.F.R. § 1520(a)(4)(iv); *id.* §§ 404.1520(e)–(f), 416.920(e)–(f). If not, move to step five.

**Step 5:** At this point, the burden shifts to the Administration to demonstrate that the claimant, considering his age, education, work experience, and RFC, is capable of performing jobs that exist in significant numbers in the national economy. 20 CFR §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007). If so, benefits will be denied; if not, they will be awarded.

On appeal, the Court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart,* 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

This Court may, under 42 U.S.C. § 405(g), affirm, modify, or reverse the Commissioner's decision, or it may remand the matter to the Commissioner for

a rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984); *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 865–66 (3d Cir. 2007). Outright reversal with an award of benefits is appropriate only when a fully developed administrative record contains substantial evidence that the claimant is disabled and entitled to benefits. *Podedworny*, 745 F.2d at 221–222; *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000).

Remand is proper if the record is incomplete, or if there is a lack of substantial evidence to support a definitive finding on one or more steps of the five-step inquiry. *See Podedworny*, 745 F.2d at 221–22. Remand is also proper if the ALJ's decision lacks adequate reasoning or support for its conclusions, or if it contains illogical or contradictory findings. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119–20 (3d Cir. 2000); *Leech v. Barnhart*, 111 F. App'x 652, 658 (3d Cir. 2004) ("[W]e will not accept the ALJ's conclusion that Leech was not disabled during the relevant period, where his decision contains significant contradictions and is therefore unreliable."). It is also proper to remand where the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (citation and internal quotation marks omitted).

**B. The ALJ's August 29 Decision**

### Step 1

The ALJ concluded that Beluch had not engaged in substantial gainful activity during the relevant period of May 6, 2013 through June 20, 2017. (R. 994. (citing 20 CFR 404.1571 *et seq.*))

### Step 2

The ALJ found that during the relevant period, Beluch had the following severe impairments which "significantly limit the ability to perform basic work activities as required by SSR 85-28": degenerative disc disease of the cervical spine, status post fusion and instrumentation; degenerative disc disease of the lumbar spine; tendinitis of the left shoulder with partial supraspinatus tendon

5

tear; left carpal tunnel syndrome, status post release; bilateral tinnitus; hearing loss in the left ear; obesity; depressive disorder; generalized anxiety disorder; and post traumatic stress disorder (PTSD). (*Id.* (citing 20 CFR 404.1520(c)).) The ALJ also noted that the record "makes reference to psoriasis" but that "there is no evidence to show that this impairment has had the requisite limiting effects on the claimant's ability to perform basic work activities." (*Id.*) Thus, the ALJ did not consider the psoriasis to be a severe impairment. The ALJ also found alleged impairments involving the hip, left clavicle, elbow, and forearm, and Beluch's hypertension, to be not medically determinable. (*Id.*)

### Step 3

ALJ Tirrell determined that Beluch did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 994–97.) As discussed below, Plaintiff argues that in doing so, the ALJ failed to "meaningfully consider obesity" as directed by this Court's prior remand Opinion and Order. (Pl. Br. at 10–24; R. 1021–34.)

### RFC and Step 4

Next, ALJ Tirrell defined Beluch's RFC:

> After careful consideration of the entire record, the undersigned finds that, during the relevant period of May 6, 2013 through June 20, 2017, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except that he could: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, and crouch; never crawl; occasionally reach overhead with the non-dominant left upper extremity, and frequently reach in all other directions with the same upper extremity; tolerate no more than moderate noise levels in the work environment; never work at exposed heights or work with machinery involving exposed sharp or exposed moving mechanical parts; occasionally operate a motor vehicle and operate heavy equipment; and frequently

6

> perform handling, fingering, and feeling. Further, the claimant could understand, remember and carry out simple instructions; could perform simple, routine tasks; could sustain attention and concentration over an eight-hour workday, with customary breaks, on performing such tasks; could use judgment in making simple work-related decisions commensurate with this same type of work; could adapt to changes to essential job functions occasionally; could have frequent interaction with coworkers and supervisors, beyond any increased interactions initially required to learn the job, but could never work in tandem with coworkers to complete job tasks, such as with assembly line work; and could have occasional interaction with the public.

(R. 997.)

Based on the RFC, ALJ Tirrell concluded at Step 4 that Beluch was unable to perform any past relevant work. (R. 1004 (citing 20 CFR 404.1565).)

### Step 5

Considering Beluch's age, education, work experience, and RFC, the ALJ concluded at Step 5 that there were jobs that existed in significant numbers in the national economy that Beluch could have performed. (R. 1004 (citing 20 CFR 404.1569, 404.1569a).) ALJ Tirrell noted that Beluch's ability to perform the full range of sedentary work was impeded by additional limitations, but found, based on the testimony of the Vocational Expert and the information contained in the Dictionary of Occupational Titles, that Beluch would have been capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (R. 1004–05.) ALJ Tirrell thus directed a finding that Beluch was not disabled as defined in the Social Security Act during the relevant period of May 6, 2013 through June 20, 2017. (R. 1005.)

## III.   DISCUSSION

In his appeal, Plaintiff asserts that the ALJ's decision was flawed in two primary ways. First, he contends that the ALJ's decision "fails to comply with

the previous order of this court" (Pl. Br. at 10), which reversed the prior ALJ decision and remanded the matter for meaningful consideration of "whether Plaintiff's obesity alone or in combination with his other impairments meets or medically equals a listed impairment." (R. 1032.) Beluch further argues that the RFC "is not based on substantial evidence, is offered without rationale, violates the Commissioner's own published mandates and fails even to properly comprehend the period at issue." (Pl. Br. at 24.)

### A. The August 29 Decision's Compliance with this Court's Prior Order of Remand

Plaintiff argues that ALJ Tirrell failed to comply with the Court's prior Opinion and Order. As noted, this Court (Hon. Norah McCann King, U.S.M.J.) remanded ALJ Tirrell's prior decision, finding that the ALJ had failed to meaningfully evaluate Plaintiff's obesity at Step 3. (R. 1032–33.) Specifically, the Court noted that the ALJ provided "no individualized analysis in either step [3 or 4] of the effect of Plaintiff's obesity on his other impairments or no explanation as to what evidence he relied upon in reaching his conclusion." (R. 1030.) The ALJ was then directed to "consider at step three whether Plaintiff's obesity alone or in combination with his other impairments meets or medically equals a listed impairment." (R. 1032.) Judge King also directed that "[d]epending on the outcome of that determination, the ALJ should reconsider his analysis at steps four and five" as well. (R. 1033.)

Obesity is classified as a severe impairment "[i]f the person's obesity, alone or in combination with another impairment(s), significantly limits his or her physical or mental ability to do basic work activities." SSR 19-2p. ALJ Tirrell found that Beluch's obesity was a severe impairment during the relevant period. (R. 994.)

Under SSR 19-2p, an ALJ "will not make general assumptions about the severity or functional effects of obesity combined with another impairment(s)." SSR 19-2p. However, the ruling also notes that "[o]besity in combination with another impairment(s) may or may not increase the severity or functional

8

limitations of the other impairment" and that the ALJ will "evaluate each case based on the information in the case record." *Id.*

In *Diaz v. Commissioner of Social Security*, the Third Circuit held that "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step."[3] 577 F.3d 500, 504 (3d Cir. 2009). There, the ALJ acknowledged the claimant's obesity as an impairment at step two, "but failed to consider its impact, in combination with her other impairments, at step three, as required." *Id.* at 503. The Court held that "absent analysis of the cumulative impact of [the claimant's] obesity and other impairments on her functional capabilities," the Court cannot adequately review the ALJ decision. *Id.* at 504. Moreover, "[c]onclusory statements that a condition does not constitute the medical equivalent of a listed impairment are insufficient." *Id.*

As to the Step 3 analysis, the August 29 Decision found that Beluch did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 994–97.) Plaintiff argues that in so finding, the ALJ again failed to "meaningfully consider obesity."

As relevant to Plaintiff's obesity, the August 29 Decision's Step 3 analysis is as follows:

> In this case, the claimant testified at his recent hearing that his weight dating back to 2012 and 2013 was around 240-245 pounds. He testified that he now weighs 304 pounds and he testified that he now breathes heavier. He also testified that during the relevant period of this decision, he was not prescribed a cane. Although the evidence during the relevant time documents his obesity and his other physical

---

[3]   The Third Circuit in *Diaz* based its decision on SSR 00-3P and SSR 02–1p, rulings providing guidance on evaluating cases involving obesity that have since been superseded. *See Diaz,* 577 F.3d at 503-04. SSR 19-2p is the most recent articulation of this guidance and went into effect prior to Plaintiff's hearing before ALJ Allard. *See* SSR 19-2p.

9

> impairments, the undersigned finds that in considering all his impairments, he is not further precluded that what is detailed and explained below. Taking into account his obesity individually, as well as in combination with his other impairments, the undersigned does not find that during the relevant period at issue he was further limited than what is explained below. Accordingly, the undersigned has fully considered obesity in the context of the overall record evidence in making this decision.

(R. 995.) Later, in the RFC discussion, the ALJ notes:

> [Beluch] testified that he did not use a cane from his alleged onset date through 2017. He testified that he is currently 5'11" tall and weighs 304 pounds. He testified that back in 2012 and 2013 he was about 240 to 245 pounds. He testified that he gained a lot more weight from then until now. He testified that due to his excessive weight gain, he breeds [*sic*] heavier and gets lightheaded and dizzy. He testified that he has to lay down or sit down more frequently. He testified that he started using a cane in the wintertime.

(R. 998–99.) The RFC discussion later states:

> The undersigned specifically notes that with respect to the claimant's obesity, while this impairment was not stated by any physician to be disabling, the claimant's obesity was considered in terms of its possible effects on the claimant's ability to work. In the present case, the claimant's file does not contain evidence indicating that his obesity alone has caused him to be unable to work, nor does it show that in conjunction with his other impairments, it has disabled him. As outlined in his function report, the claimant was able to perform his activities of daily living and he was also able to ambulate and walk. Thus, the claimant's obesity is not, by itself, nor in conjunction with his other listed impairments, so severe as to prevent him from working.

(R. 1001.)

Those statements are too conclusory and perfunctory to demonstrate compliance with the Court's previous remand Opinion and Order. Although given specific direction by the remanding Court, the ALJ did not include any *discussion* of the combined effects of the obesity and other impairments; simply *stating* that he considered them and found no sufficient effect on Plaintiff's ability to work does not suffice. *Diaz*, 577 F.3d at 504 ("The ALJ must provide a *discussion* of the evidence and an *explanation of reasoning* for his conclusion sufficient to enable meaningful judicial review." (emphases added) (citation and internal quotation marks omitted)). The closest thing to a discussion or analysis is the ALJ's statement that Plaintiff "was able to perform his activities of daily living and he was also able to ambulate and walk." (R. 1001.) But that underdeveloped statement cannot be regarded as meaningful consideration of "the effect of a claimant's obesity, individually and in combination with [his] impairments, on [his] workplace function." *Diaz*, 577 F.3d at 504.

While the August 29 Decision mentions obesity more often than did the earlier decision, Plaintiff still has not yet received the meaningful consideration of the effect of his obesity that Third Circuit precedent demands. I thus reverse and remand again for that purpose.[4] If necessary, the ALJ should then reconsider his analysis at Steps 4 and 5.

Because of this disposition, I do not address Plaintiff's arguments on the merits of the RFC determination at this time.

---

[4] The Commissioner appears to argue that Plaintiff has not himself specified how his obesity affected his work capabilities, and thus remand is improper because he has not established that the error was harmful. (Def. Br. at 5 (citing *Carter v. Comm'r of Soc. Sec.*, 805 F. App'x 140, 143 (3d Cir. 2020).) It is typically true that a plaintiff seeking remand must "affirmatively point[] to specific evidence that demonstrates he should succeed at step three"—*i.e.*, demonstrate that the error is not harmless. *Woodson v. Comm'r of Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)). But here, Plaintiff relies on a prior remand by this Court. Because the thrust of Plaintiff's appeal is that the Court's prior Order was not complied with, and I find that to be the case, I will not require the typical demonstration at this point.

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion. A separate order will issue.

Dated: October 25, 2023

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**

12